### DRISCOLL v. NEW YORK VEAL & MUTTON CO.

(Supreme Court, Appellate Term, First Department.  February 16, 1915.)

1. JUDGMENT (§ 174*) — BILL OF PARTICULARS — SETTING ASIDE DEFAULT — OPERATION AND EFFECT.

   Where an application to open plaintiff's default on failure to furnish a bill of particulars and a motion to exclude any evidence are heard together, the motion should be denied, if the default be excused.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 309, 337; Dec. Dig. § 174.*]

2. APPEAL AND ERROR (§ 1039*)—BILL OF PARTICULARS—DEFAULT—MOTION TO SET ASIDE—FAILURE TO GIVE NOTICE.

   Plaintiff defaulted in furnishing a bill of particulars, and defendant moved to preclude him from introducing certain evidence.  In an affidavit filed in opposition to the motion, plaintiff applied to open the default. *Held* that, though no notice was given, defendant was not prejudiced and could not complain, being given full opportunity to controvert plaintiff's excuses.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

Appeal from City Court of New York, Special Term.

Action by Jeremiah Driscoll against the New York Veal & Mutton Company.  From an order denying defendant's motion for an order precluding plaintiff from giving evidence by reason of his failure to comply with an order requiring the furnishing of a bill of particulars, defendant appeals.  Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

William A. Jones, Jr., of New York City (Fred P. Harrington, of New York City, of counsel), for appellant.

Jeremiah A. O'Leary, of New York City (Ernest M. Garbe, of New York City, of counsel), for respondent.

SHEARN, J.  Upon the return of a motion for an order precluding plaintiff from giving evidence because of default in complying with an order for a bill of particulars, plaintiff's attorney filed an affidavit tending to excuse the default, asking that the default be opened and that opportunity to serve the bill of particulars be granted on terms.

[1] When an application to open a default and a motion to preclude because of the default are heard together, the latter motion must fail if the default be excused, for then there is no default.

[2] The application to open the default was embodied in the affidavit filed in opposition to the motion to preclude.  An application for an order is a motion.  While it would have been better practice to have serv-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed a formal notice of motion to open the default, returnable at the time of the argument of the motion to preclude, it is clearly apparent that the defendant was not prejudiced by the lack of the usual notice. It is not claimed that full opportunity to controvert the plaintiff's excuses for default was not afforded. It would have been a senseless proceeding to have made an order based on a default when the court had before it at the very time proof that the default was excusable and also an application to open it on proper terms.

When an order requiring a bill of particulars is not complied with, the default should not be lightly excused; but here there was no abuse of discretion.

Order affirmed, without costs, but with disbursements to the respondent. All concur.